CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CHARLOTTE D. OSTRANDER, )
)
     Plaintiff, )     Civil Action No. 7:06CV00513
)
v. )     **MEMORANDUM OPINION**
)
MICHAEL J. ASTRUE, )     By: Samuel G. Wilson
**Commissioner of Social Security,** )     **United States District Judge**
)
     Defendant. )

Plaintiff, Charlotte D. Ostrander, brings this action challenging the final decision of the

Commissioner of Social Security denying Ostrander's claim for disability insurance benefits

(DIB) and Supplemental Security Income (SSI) payments under the Social Security Act. This

court has jurisdiction under 42 U.S.C. §§ 405 (g) and 1383(c)(3). The Administrative Law Judge

(ALJ) rejected Ostrander's claim that she is disabled because of urinary incontinence, anxiety

and depression. The ALJ determined that Ostrander did not suffer from a "disability" as defined

by the Social Security Act because Ostrander could perform some light, unskilled work. The

Appeals Council denied Ostrander's request for review, and the Commissioner of Social Security

adopted the ALJ's opinion as the Commissioner's final decision. The United States Magistrate

Judge has filed a thorough report pursuant to 28 U.S.C. § 636(b)(1)(B) which found that the ALJ

erred in "not expressly addressing one aspect" of a consultive examination, but concluded that

the error is harmless because "substantial evidence supports the Commissioner's decision" that

Ostrander is not disabled. Ostrander has objected to the report, and the Court concludes that the

matter should be remanded to the Commissioner.

# I.

The facts of the case are adequately set forth in the Magistrate Judge's report and will not be repeated in their entirety. It is sufficient to state that Ostrander, as found by the ALJ, suffers from severe "stress urinary incontinence, anxiety, and depression, has a 10th grade education, is 50 years old, is unable to perform her past relevant work, and retains no transferable skills." Disability Determination Services referred her to a licensed clinical psychologist Dr. Belinda G. Overstreet for a consultive examination. Overstreet's diagnosis was generalized anxiety disorder, panic disorder with agoraphobia, and a major depressive disorder. Overstreet believed that with appropriate cognitive behavioral treatment and psychotropic treatment Ostrander's symptoms would be "more likely to remit", although not within the next year. Functionally speaking she found the following:

> Ms. Ostrander is able to understand, remember, and carry out simple instructions. However, she is likely to need written reminders regarding complex and detailed instructions due to mild concentration and memory impairments. Her judgment is adequate. Ms. Ostrander is intellectually able to function independently and can understand work rules. Ms. Ostrander's psychiatric symptoms are likely to impair her ability to work cooperatively with others or work with the public. She is able to be supervised.

> Ms. Ostrander appears to be able to maintain her personal appearance. Her ability to behave in an emotionally stable manner is impaired by symptoms of anxiety more than by symptoms of depression. *Her symptoms are likely to result in frequent absences or tardiness.* Ms. Ostrander is reported to have a history of increased anxiety when in groups of people and avoids leaving her home as much as possible. These are the primary impediments to work functioning. *The stressors of a typical work environment are likely to worsen her psychiatric symptoms and further impair her level of functioning.*

(Tr. 206.) (emphasis added).

2

In summarizing Dr. Overstreet's evaluation (Tr. 19), however, the ALJ failed to mention Overstreet's conclusion that Ostrander's "symptoms are likely to result in frequent absences and tardiness" or that Ostrander's condition was such that "the stressors of a typical work environment are likely to worsen her psychiatric symptoms and further impair a level of functioning." (Tr. 206). Ultimately, the ALJ concluded that Ostrander's "occupational base for light work has not been significantly eroded by her functional limitations," (Tr. 22) so as to prevent her from performing unskilled, light tasks involving little contact with people and the opportunity for "frequent access to bathrooms." (Tr. 24). Consequently, based on the testimony of a vocational expert that such work exists in significant numbers, the ALJ concluded that Ostrander is not disabled. (Tr. 24).

## II.

On the record before the court, it is impossible to determine whether this otherwise thorough ALJ simply overlooked the seemingly significant functional limitations noted by Overstreet or whether she discounted them. The Magistrate Judge applied a harmless error analysis in recommending that the court affirm the Commissioner. It frequently is appropriate to apply a harmless error analysis in reviewing the Commissioner's decision. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is a reason to believe that remand might lead to a different result." Fisher v. Bowen, 859 F.2d 1055, 1057 (7th Cir. 1989). Accordingly, although it is preferable for the ALJ to articulate the reasons for crediting or discrediting conflicting medical opinions, it is not required:

> An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each debt of conflicting testimony, so long as his factual findings as a

3

whole showed that he implicitly resolved such conflicts.

Wall Defense Systems-Akron v. NLRB, 200 F.3d 436, 453 (6th Cir. 1999). In contrast, however, "we are empowered only to 'review the ALJ's decision for substantial evidence' and accordingly, 'we are not in a position to draw factual conclusions on behalf of the ALJ." Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004). With these precepts in mind, the court is constrained to conclude that it cannot apply a harmless error analysis because, on the record before the court, it cannot determine whether the ALJ overlooked or discounted the functional limitations Overstreet noted. Therefore, the court is constrained to remand this case to the Commissioner for further consideration in light of the court's opinion.

### III.

For the reasons stated, the court will remand this case for further proceedings.

**ENTER**: This October _19th_, 2007.

_____

UNITED STATES DISTRICT JUDGE

4